1
2
3
4
5
6
7

JEREMY GORDON
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, Texas 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

Attorney *Pro Hac Vice* for
Karen Markosian

8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15

| UNITED STATES OF AMERICA, | Case No.: 8:09-CR-00248-DOC |
|---|---|
| Plaintiff, | |
| vs. | |
| KAREN MARKOSIAN, | MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
| Defendant-Movant. | |

16
17
18
19
20
21
22
23
24
25
26
27

Karen Markosian ("Markosian"), by and through the undersigned counsel, respectfully submits this Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. In support thereof, Markosian offers the following:

**I. INTRODUCTION**

Markosian waived his right to trial by jury and proceeded to a nine-day bench trial before this Honorable Court based upon the advice of his attorney, Mr. James P. Cooper, III. However, Markosian had no intention of contesting his guilt. Markosian followed trial counsel's advice to proceed to trial solely to preserve a legal challenge to two counts of aggravated identity theft.

28

Markosian was subsequently sentenced to a term of 259 months imprisonment. On appeal before the Ninth Circuit, appellate counsel raised numerous issues related to the Guideline calculations, but failed to adequately brief the argument related to Markosian's conviction on the aggravated identity theft counts.

Markosian now argues that trial counsel's advice with respect to the advantages and disadvantages of pleading guilty versus proceeding to trial was erroneous, and but for counsel's misadvice Markosian would have agreed to plead guilty. Further, appellate counsel's failure to adequately brief the legal argument related to the two counts of aggravated identity theft on appeal essentially rendered Markosian's decision to proceed to trial moot. For the reasons discussed below, Markosian is entitled to relief under 28 U.S.C. § 2255.

## II. BACKGROUND

On October 12, 2011, a federal grand jury sitting in the Central District of California returned a 105-count Second Superseding Indictment against 14 defendants. Markosian was charged with the following: Count One–Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349; Counts Twenty-Four, Twenty-Five, Thirty and Thirty-One–Attempted Bank Fraud, in violation of 18 U.S.C. § 1344, and Counts Fifty-Four and Fifty-Nine–Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. (Docket Entry "DE" 403).

On October 24, 2011, Markosian entered a not guilty plea to all counts of the Second Superseding Indictment. (DE 343). Trial was then set for February 22, 2012. On January 31, 2012, Markosian filed a motion to dismiss Counts Fifty-Four and Fifty-Nine. (DE 539). Markosian argued that fraudulent checks are not "access devices" under 18 U.S.C. § 1028A; therefore, the aggravated identity theft charges contained in the Indictment did not allege a federal offense and must be dismissed. *Id*. The United States filed its Response in Opposition on

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 2

February 7, 2012. (DE 553). On February 9, 2012, the Court denied Markosian's motion to dismiss.

On February 22, 2012, Markosian waived his right to trial by jury and elected to proceed with a court trial. (DE 574). Trial concluded on March 16, 2012, with the Court finding Markosian guilty of Counts One, Twenty-Five, Fifty-Four and Fifty-Nine of the Second Superseding Indictment. (DE 634). Markosian submitted a motion for new trial based on insufficiency of the evidence. (DE 639). Markosian's motion also renewed his legal challenge to the validity of the aggravated identity theft charges. *Id*.

Prior to sentencing, the Probation Office prepared the Presentence Investigation Report ("PSR") in this matter. Using the 2009 Guidelines Manual, the PSR found Markosian's Guidelines calculations as to Counts One and Twenty-Five to be as follows:

| | |
|---|---:|
| Base Offense Level (U.S.S.G. § 2B1.1(a)(1)) | 7 |
| Loss Between $7 Million and $20 Million (§ 2B1.1(b)(1)(K)) | +20 |
| Over 250 Victims (§ 2B1.1(b)(2)(C)) | +6 |
| Sophisticated Means (§ 2B1.1(b)(10)(C)) | +2 |
| Aggravated Role (§ 3B1.1(b)) | +3 |
| Total Offense Level | 38 |

Counts Fifty-Four and Fifty-Nine mandated a 24-months sentence to be imposed consecutively to Counts One and Twenty-Five. Markosian's Offense Level of 38, combined with a Criminal History Category I, yielded a Guideline range of 235 to 293 months. With the inclusion of the consecutive sentence under § 1028A, Markosian's Guideline range was determined to be 259 to 317 months imprisonment.

Markosian objected to the PSR's loss findings, and the enhancements for number of victims, sophisticated means, and aggravated role. (DE 839). Further, Markosian objected to the omission of a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. (DE

839 at 17). Markosian also submitted a handwritten letter to the Court admitting his guilt and culpability in the offense. (DE 839-1).

Markosian appeared for sentencing on December 3, 2012. The Court heard additional argument on Markosian's motion for new trial, then proceeded to deny the motion. (Sentencing Tr. at 7). The Court then took up the remaining objections to the PSR. Relevant to the instant motion, counsel argued that Markosian was entitled to a two-level reduction for acceptance of responsibility, notwithstanding Markosian's decision to proceed to trial. In support of his argument, Mr. Cooper explained that "Mr. Markosian, although he went to trial, he has never actually denied his culpability . . . . And at trial, Your Honor, he presented a very minimal defense.") (Sentencing Tr. at 15). Mr. Cooper further relayed:

> And what I pointed out in my sentencing memorandum is that part of that was that once he went to trial for whatever personal reason, one reason for waiving jury and doing a court trial was to preserve the legal issue concerning the aggravated identity theft charge, because a guilty plea would waive his appellate issues surrounding the legal sufficiency of the charge.

(Sentencing Tr. at 16).

After hearing counsel's arguments, the Court proceeded to overrule all objections and adopted the Guideline calculations of the PSR. (Sentencing Tr. at 22). In response to counsel's argument regarding acceptance of responsibility, the Court stated:

> The Court declines to award any benefit or sympathy to you concerning a two-level reduction because of the Court trial. You could have just as easily pled, and therefore, you're not entitled to acceptance of responsibility, regardless of your willingness and need to perfect your record for appellate purposes.

(Sentencing Tr. at 34).

The Court sentenced Markosian to a term of 259 months imprisonment. The term consists of 235 months on Counts One and Twenty-Five, to be served concurrently, and a term

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 4

1  of 24 months on Counts Fifty-Four and Fifty-Nine, to be served concurrently with each other

2  and consecutively to the remaining counts. (DE 894). Markosian filed his notice of appeal on

3  December 7, 2012. (DE 899).

4         On appeal before the Ninth Circuit, Markosian raised six grounds for consideration: 1)

5  whether the Court erred in calculating the loss under the Guidelines; 2) whether the Court erred

6  in calculating the number of victims; 3) whether the Court erred in applying the sophisticated

7  means enhancement; 4) whether the Court erred in applying a role enhancement; 5) whether the

8  Court erred in denying a reduction for acceptance of responsibility; and 6) whether the case

9  should be remanded to a different District Court Judge. Included in a footnote in Markosian's

10 fifth argument was the following:

11

12         In the district court Markosian moved to dismiss Counts 54 and 59 on the grounds that
           the means of identification element of the Aggravated Identity Theft crime, 18 U.S.C. §
13         1028A cannot be a forged check because a forged check is not an access device under 18
           U.S.C. § 1028(e)(1) citing *United States v. Hughey*, 147 F.3d 423, 436 (5th Cir. 1998).
14         In order to preserve the issue, appellant now asks the court to reverse Counts 54 and 59
           on the grounds urged in the district court.
15

16 *United States v. Markosian*, No. 12-50568 (Appellant's Opening Brief, Dkt No. 19, at 54 n. 2).

17         The Ninth Circuit ultimately rejected Markosian's arguments, and affirmed his sentence

18 on December 24, 2015. *United States v. Markosian*, 637 Fed. Appx. 289 (9th Cir. 2015). The

19 court's opinion did not address Markosian's request to reverse his convictions on Counts Fifty-

20 Four and Fifty-Nine. *Id*. On February 8, 2016, Markosian sought rehearing and rehearing *en*

21 *banc* on three grounds: 1) whether the U.S. Sentencing Commission's. amendment to U.S.S.G.

22 § 2B1.1 is applicable to Markosian's case; 2) whether the court failed to adequately address

23 Markosian's argument regarding the number of victims; and 3) whether a defendant is

24 responsible for relevant conduct under the Guidelines for losses that occur after the defendant

25

26

27

28 MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT
   SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

exists the conspiracy. The Ninth Circuit denied Markosian's request for rehearing on September 21, 2016. The Supreme Court subsequently denied Markosian's petition for writ of *certiorari* on January 23, 2017. *Markosian v. United States*, 137 S.Ct. 839 (2017).

This motion follows.

### III. TIMELINESS

Markosian's judgment of conviction became final on January 23, 2017, the date on which United States Supreme Court denied Markosian's petition for writ of *certiorari*. This motion is timely pursuant to 28 U.S.C. § 2255(f)(1) if filed on or before January 23, 2018.

### IV. STANDARD OF REVIEW

Claims of ineffective assistance of counsel are governed by the familiar two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). To prove ineffective assistance, a defendant must show (1) deficient performance, and (2) prejudice. *Id.* at 687. Prejudice is shown through a reasonable probability of a different outcome. *Id.* In the context of plea proceedings, the Supreme Court has held that the *Strickland* test applies to advice given by counsel in the context of guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see also Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010). In *Lafler v. Cooper*, 132 S.Ct. 1376, 1387 (2012), the Court further expanded guilty plea ineffective by stating:

> If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.

*Id*.

# V. ARGUMENT

**(a)**     <u>Trial Counsel Was Ineffective For Advising Markosian To Proceed With Bench Trial To Preserve A Challenge To The Aggravated Identity Theft Counts</u>

The record in this matter clearly demonstrates Markosian's motive for persisting in his not guilty pleas and proceeding to trial before the Court—to preserve the legal challenge to Counts Fifty-Four and Fifty-Nine of the Second Superseding Indictment which charged Markosian with aggravated identity theft in violation of 18 U.S.C. § 1028A. Based on the advice of counsel, Markosian persisted with trial despite the fact that Markosian had informed Mr. Cooper of his guilt and accepted culpability for his actions. (Decl. of Markosian ¶ 3)[1].

After conviction, Mr. Cooper submitted his Sentencing Memorandum which detailed the reason for Markosian proceeding to trial, "he wanted to preserve his legal challenge to the aggravated identity theft charges." (DE 839 at 18). In addition, counsel's own words at sentencing were that Markosian "never actually denied his culpability" and "presented minimal defense [at trial]." (Sentencing Tr. at 15).

It is perplexing that Markosian would have proceeded to trial after admitting culpability and having minimal defense simply to preserve a challenge to two counts of the Second Superseding Indictment. It is axiomatic that "[d]efendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (citations omitted). Further, "it is the responsibility of defense counsel to inform a defendant of the advantages and disadvantages of a plea agreement . . . ." *Libretti v. United*

---

[1]     Attached is an unsigned declaration. A signed declaration will be provided to the Court forthwith.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 7

1    *States*, 516 U.S. 29, 50-51 (1995).

2          Markosian avers that he rejected the Government's plea offer and proceeded to trial

3    under the advice of counsel so that he could maintain his appellate rights and further his

4    challenge to Counts Fifty-Four and Fifty-Nine. (Decl. of Markosian ¶ 5). However, there are

5    numerous issues with trial counsel's advice regarding Markosian's decision whether to plead

6    guilty or proceed to trial. Had Markosian been properly advised, he would have either accepted

7    the Government's plea offer or proceeded to enter an "open" plea to the charges. (Decl. of

8    Markosian ¶ 6-8).

9          First, Markosian did not contest his guilt. He did, however, have concerns regarding the

10   extent of his culpability. (Decl. of Markosian ¶ 3). According to Markosian, he was informed

11   that the only way to challenge the extent of his participation in the offense would be through

12   trial. (Decl. of Markosian ¶ 4-5). This was incorrect. Many of the issues Markosian sought to

13   challenge were sentencing factors, such as relevant conduct and his role in the offense. A guilty

14   plea would not have prevented Markosian from making such arguments at sentencing. And

15   where a plea agreement may have limited the scope Markosian's challenges on appeal,

16   Markosian could have just as easily entered an open plea to the charges and maintained his full

17   appellate rights.[2]

18         As to maintaining Markosian's challenge to the aggravated identity theft counts, a guilty

19   plea may have foreclosed further challenge of the validity of those counts. *See United States v.*

---

[2]    Although the Court found Markosian not guilty of Attempted Bank Fraud in Counts Twenty-Four, Thirty, and Thirty-One, Markosian submits that a guilty plea on all counts would have resulted in the same Guideline calculations as those counts would have been grouped together the same with Counts One and Twenty-Five.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 8

*Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (a guilty plea waives right to appeal non-jurisdictional, antecedent defects). However, it would have been far more advantageous for Markosian to have sought the full benefit of a reduction for acceptance of responsibility by timely entering a guilty plea.

Counts Fifty-Four and Fifty-Nine carried a mandatory 24-month consecutive sentence, which raised Markosian's Guideline range to 259 to 317. Had Markosian been successful in challenging the validity of those counts, he would still have been facing a Guideline range of 235 to 293 months. But had counsel advised Markosian to pursue a reduction for acceptance of responsibility, Markosian would have been facing a far less severe sentence even with the consecutive 24-month sentence.

|  | Total Offense Level | Guideline Range |
|---|---|---|
| Markosian's Guideline Range | 38 | 259-317 |
| Range Without Aggravated Identity Theft Counts | 38 | 235-293 |
| Range With Aggravated Identity Theft Count and With -2 for Acceptance | 36 | 212-259 |
| Range With Aggravated Identity Theft Count and With -3 for Acceptance | 35 | 192-234 |

As shown in the chart above, a two-level decrease for acceptance of responsibility–with the mandatory 24-month consecutive sentence–would have still reduced Markosian's Guideline range to 212 to 259. Had Markosian entered a timely guilty plea and received the full three levels off, his range would have been 192 to 234 months.

Basic arithmetic would have shown that Markosian could have benefited far more from entering a timely guilty plea rather than proceeding to trial with the hope of later vacating his

24-month consecutive sentence. And counsel's failure to advice Markosian accordingly was deficient performance. Yet, Markosian must still show that he would have pled guilty but for counsel's ineffectiveness. *Lafler v. Cooper,* 566 U.S. 156, 174 (2012).

As Markosian has sworn, had he been properly advised by trial counsel, he would have agreed to plead guilty. (Decl. of Markosian ¶ 8). This contention is supported by the fact that Markosian had also agreed to pled guilty in two other cases, *United States v. Markosian*, 1:10-cr-895-24 (S.D.N.Y.) (guilty plea entered Jan. 7, 2014); and *United States v. Markosian*, 2:11-cr-00072-17 (C.D. Cal.) (guilty plea entered June 24, 2013).

Based on the foregoing, Markosian submits that trial counsel was ineffective in advising Markosian to proceed to trial rather than pleading guilty. But for counsel's ineffectiveness, Markosian would have pled guilty. Moreover, there is at least a reasonable probability that Markosian would have received a lesser sentence had he entered a timely guilty plea.

### (b)     Appellate Counsel Was Ineffective For Failing To Adequately Brief The Aggravated Identity Theft Issue On Appeal

As discussed above, Markosian's primary motivation for proceeding to trial was to preserve his challenge to Counts Fifty-Four and Fifty-Nine of the Second Superseding Indictment for appellate review. Yet, appellate counsel failed to adequately brief this issue on appeal for consideration by the Ninth Circuit.

Appellate counsel's opening brief stated six issues for review. Five claims related to the calculation of the Guidelines, and the sixth issue discussed whether remand to a different District Court Judge was appropriate. Counsel did discuss the aggravated identity theft issue in his brief, but buried the issue in a footnote and offered no argument to further the claim. Instead, appellate counsel simply noted:

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 10

In the district court Markosian moved to dismiss Counts 54 and 59 on the grounds that the means of identification element of the Aggravated Identity Theft crime, 18 U.S.C. § 1028A cannot be a forged check because a forged check is not an access device under 18 U.S.C. § 1028(e)(1) citing *United States v. Hughey*, 147 F.3d 423, 436 (5th Cir. 1998). In order to preserve the issue, appellant now asks the court to reverse Counts 54 and 59 on the grounds urged in the district court.

*United States v. Markosian*, No. 12-50568 (Appellant's Opening Brief, Dkt No. 19, at 54 n. 2).

Not surprisingly, the Ninth Circuit did not address this argument in its opinion affirming Markosian's conviction and sentence. This is so because the argument was inadequately briefed:

Federal Rule of Appellate Procedure 28(a)(6) provides: "The argument must contain the contention of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on. …." FRAP 28(a)(6). Issues raised in a brief that are not supported by argument are deemed abandoned. *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992). Furthermore, an issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived. *Simpson v. Union Oil Co.*, 411 F.2d 897, 900 n. 2 (9th Cir.), *rev'd on other grounds*, 396 U.S. 13, 90 S.Ct. 30, 24 L.Ed.2d 13 (1969).

*Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Appellate counsel was aware that Markosian's intention for proceeding to trial was to preserve this very issue. Yet, counsel failed to adequately and meaningfully argue this issue on appeal, ultimately leaving the entire argument by the wayside and rendering Markosian's decision to proceed to trial moot. In addition, had appellate counsel effectively argued this issue, there stands a reasonable probability that Markosian would have succeeded in vacating his conviction on Counts 54 and 59. Although it ultimately disagreed, this Court found trial counsel's argument on the matter was "very well written." (Sentencing Tr. at 4).

Markosian must only show "a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694. Here, appellate counsel provided little to

no argument at all in support of Markosian's contention that Counts 54 and 59 of the Second Superseding Indictment did not amount to a federal offense. Had counsel adequately briefed the matter, including documentation and citations in support of the argument, there stood at least a "reasonable probability" of a different outcome on appeal.

## VI. EVIDENTIARY HEARING

Pursuant to 28 U.S.C. § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Here, Markosian has alleged cognizable claims that are supported by the record. Therefore, the Court should promptly schedule this matter for an evidentiary hearing.

## VII. CONCLUSION

Based on the foregoing, Markosian is entitled to 28 U.S.C. § 2255 relief.

Dated: January 23, 2018

By:     /s/ Jeremy Gordon
        Jeremy Gordon
        *Counsel Pro Hac Vice for Markosian*

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 12