**UNITED STATES DISTRICT COURT**    JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 18-0117-DOC            Date: August 2, 2019
        SA CR 09-0248-DOC-6

Title: KAREN MARKOSIAN V. UNITED STATES OF AMERICA

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [1]**

Before the Court is Petitioner Karen Markosian's ("Markosian" or "Petitioner") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion") (CR Dkt. 1818; CV Dkt. 1). Having considered the parties' arguments, Court DENIES Petitioner's Motion for the reasons discussed below.

### I.    BACKGROUND

**A. The Criminal Offense**

Petitioner, along with several co-defendants, was indicted for one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, four counts of attempted bank fraud in violation of 18 U.S.C. § 1344, and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A (CR Dkt. 30; CR Dkt. 403). Petitioner moved to dismiss the charges against him for aggravated identity theft, arguing that his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-0117-DOC　　　　　　　　　　　　　　　　　　　Date: August 2, 2019
　　　　　SA CR 09-0248-DOC-6　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

alleged conduct did not fall within the identity theft statute because it relied entirely on paper transactions. CR Dkt. 539. The Court denied the motion. CR Dkt. 563.

　　　Petitioner then waived his right to a jury trial. CR Dkt. 574. After a bench trial, Petitioner was found guilty of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, one count of attempted bank fraud in violation of 18 U.S.C. § 1344, and two counts of aggravated identity theft under 18 U.S.C. § 1028A. CR Dkt. 634. Petitioner moved for a new trial, renewing his objection to the charges under 18 U.S.C. § 1028A, and arguing that the evidence was insufficient to support his conviction. CR Dkt. 639. The Court denied the motion and proceeded to sentencing. CR Dkt. 893.

　　　The Presentence Investigation Report calculated a base offense level of 7, then added a 20-level enhancement for pecuniary loss between $7 million and $20 million, a 6-level enhancement for the count of over 250 victims, a 2-level enhancement for the use of sophisticated means, and a 3-level enhancement for Petitioner's aggravated role in the crime. Presentence Investigation Report ("PSR") (CR Dkt. 722) ¶¶ 1–82. In total, the PSR calculated an offense level of 38, and a criminal history category of I, producing a sentencing range of 235 to 293 months under the federal sentencing guidelines. *Id.* at 3.

　　　Additionally, the PSR "respectfully defer[ed] to the Court" as to whether a downward 2-level adjustment should be applied for Markosian's acceptance of responsibility. *Id.* ¶ 87. Although Markosian did not plead guilty or otherwise admit guilt until after conviction, the PSR noted that he "did not put on a defense at trial," and therefore could be eligible for the downward adjustment. *Id.* ¶¶ 83–87.

　　　Adopting the PSR, the Court sentenced Petitioner to 259 months in prison. Sentencing Transcript (CR Dkt. 894) at 39. This sentence consisted of 235 months to be served concurrently for the charges of conspiracy to commit bank fraud and attempted bank fraud, and 24 months for the aggravated identity theft charges, to be served consecutively with the 235-month sentence. *Id.*  The Court declined to apply the 2-level downward adjustment for acceptance of responsibility, because Petitioner had gone to trial when he could have "just as easily pled" guilty. *Id.* at 34.

## B. Procedural History

　　　Petitioner appealed his conviction, arguing that the trial court erred in applying each of the sentencing enhancements, that the court erred in declining to adjust the offense level downward for acceptance of responsibility, and that the case should be remanded to a different district court judge. *United States v. Markosian*, 637 Fed. Appx. 289 (9th Cir. 2015). On December 24, 2015, the Ninth Circuit affirmed Petitioner's

Case 8:18-cv-00117-DOC   Document 14   Filed 08/02/19   Page 3 of 8   Page ID #:81

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-0117-DOC                                Date: August 2, 2019
SA CR 09-0248-DOC-6                                                     Page 3

conviction (CR Dkt. 1612). *Id.* The Ninth Circuit denied Petitioner's petitions for rehearing and for rehearing *en banc* (CR Dkt. 1716) on September 21, 2016.

Petitioner filed the instant Motion ("Mot.") (CV Dkt. 1) (CR Dkt.1818) and Memorandum of Law in Support of Motion ("Mot. Mem.") (CV Dkt. 1-1) on January 23, 2018 pursuant to 28 U.S.C. § 2255. The United States of America ("government") opposed ("Opp'n") (CV Dkt. 12) on May 18, 2018. Petitioner replied ("Reply") (CV Dkt. 11) on July 2, 2018.

## II.     LEGAL STANDARD

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974); *see also United States v. Addonizio*, 442 U.S. 178, 186 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962).

"The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel." *United States v. Span*, 75 F.3d 1383, 1387 (9th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner may raise a claim of ineffective assistance of counsel for the first time on a motion to vacate his sentence. *Id.* at 1387. In order to show that assistance was defective, a petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. A petitioner must successfully make both showings to obtain relief. *Id.*; *see also United States v. Moore*, 599 F.2d 310, 314 (9th Cir. 1979) ("[R]elief will only be granted if it appears the defendant was prejudiced by counsel's [improper] conduct.").

Generally, counsel is presumed to have provided effective assistance. *United States v. James*, 915 F. Supp. 1092, 1096 (S.D. Cal. 1995). When a petitioner alleges

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-0117-DOC                                                         Date: August 2, 2019
SA CR 09-0248-DOC-6                                                               Page 4

ineffectiveness assistance of counsel, he or she must show that counsel's representation fell below an objective standard of reasonableness. *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998) (citing *Strickland*, 466 U.S. at 687–88). Thus, when there is "mere criticism" of a tactic or strategy, without more this is not sufficient to show that counsel's performance was deficient. *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980). The inquiry is not what counsel could have done differently but whether his choices were reasonable. *Cheung v. Maddock*, 32 F. Supp. 2d 1150, 1159 (N.D. Cal. 1998). For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*, 466 U.S. at 410).

### III.   DISCUSSION

Petitioner moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mot. Mem. at 1. Petitioner provides two justifications for the motion. First, Petitioner argues that he did not receive effective assistance of counsel at trial, because his trial counsel unreasonably recommended that he not plead guilty and instead proceed to trial, in order to preserve for appeal his challenge to the indictments for aggravated identity theft. *Id.* at 7–10. Second, Petitioner argues that his appellate counsel was incompetent, because he failed to adequately challenge the charges for aggravated identity theft on appeal. *Id.* at 10–12. However, for the reasons discussed below, both arguments fail.

#### A. Assistance of Trial Counsel

Petitioner argues that he did not receive effective assistance of counsel at trial, because his counsel should have urged him to plead guilty. *Id.* at 7–10. Petitioner contends that he was persuaded to continue to trial so that he could preserve for appeal his challenge to the indictments for aggravated identity theft. Declaration of Karen Markosian ("Markosian Decl.") (CV Dkt. 1-2) ¶ 5. However, even a successful challenge to those indictments likely would not have reduced Petitioner's sentence more than a downward adjustment for acceptance of responsibility, which Petitioner would likely have received had he pled guilty. *See* Mot. Mem. at 7. Given this fact, Petitioner argues that trial counsel acted unreasonably in advising him to continue to trial. *Id.* Additionally, Petitioner testifies in his declaration that he would have agreed to plead guilty had his counsel explained to him that he could still challenge the imposition of certain sentencing enhancements even after a guilty plea. Markosian Decl. ¶ 7.

In opposition, the government argues that Petitioner did not proceed to trial solely to preserve certain challenges for appeal, but also to argue his actual innocence. Opp'n at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-0117-DOC							Date: August 2, 2019
SA CR 09-0248-DOC-6									Page 5

9. The government points to Petitioner's closing statement at trial, which argued that Petitioner was not guilty because he lacked the requisite intent for a conspiracy charge. *Id.*; Transcript for March 16, 2012 (CR Dkt. 1183) at 37. According to the government, counsel acted within the "range of competence" in choosing to argue for Petitioner's innocence and preserve challenges for appeal rather than advising Petitioner to plead guilty. *Id.* at 10–13. Additionally, the government emphasizes that the decision to agree or reject a plea bargain is ultimately Petitioner's, and not his counsel's. *Id.* at 11–12.

"Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel." *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (internal quotations omitted). The familiar two-part *Strickland* test applies when a habeas petitioner argues that he rejected a plea deal because he did not receive effective assistance of counsel. *See Lafler v. Cooper*, 566 U.S. 156, 162–64 (2012). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Next, the petitioner must show that the prosecution would have offered a plea deal more favorable than the ultimate trial outcome, and that both the petitioner and the court would have accepted the deal. *Lafler*, 566 U.S. at 164.

Here, Petitioner cannot show that his trial counsel acted outside the "range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, at 771 (1970). Petitioner insists he would not have gone to trial if his attorney had informed him that a guilty plea would have resulted in a lower sentence. Markosian Decl. § 8. However, Petitioner's trial counsel may reasonably have believed that going to trial would more likely result in a lower sentence. For example, counsel may have thought that he could successfully argue Petitioner's actual innocence. *See* Transcript for March 16, 2012 at 37. Additionally, counsel might reasonably have predicted Petitioner's sentence would be adjusted downward for acceptance of responsibility, even if guilt was only admitted after the verdict. After all, the PSR found that the downward adjustment could apply even in cases where guilt was not admitted until a verdict had been issued. PSR ¶¶ 82–87. Counsel might have therefore reasonably decided that preserving the aggravated identity theft challenges for appeal was worth a lower (but still non-zero) chance of receiving a sentencing reduction.

It is understandable that Petitioner, having received a harsh penalty at trial, now wishes he had pled guilty. But the competence of Petitioner's counsel must be assessed without "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Considering the "uncertainty … inherit in predicting court decisions," counsel's "strategic choic[e]" to proceed to trial merits substantial deference. *Id.* at 681; *McMann*, 397 U.S. at 771. Counsel may have reasonably determined that proceeding to trial would result in a lower

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-0117-DOC    Date: August 2, 2019
SA CR 09-0248-DOC-6    Page 6

sentence than any plea agreement likely to be offered and adopted. Accordingly, Petitioner has not shown that he received ineffective assistance of counsel at his trial.

### B. Assistance of Appellate Counsel

Petitioner argues that he did not receive effective assistance of appellate counsel, because his appellate counsel did not adequately raise a challenge to the indictments for aggravated identity theft. Mot. Mem. at 10–12. Even though Petitioner maintains that he decided to go to trial for the specific purpose of preserving that challenge for appeal, his appellate counsel only raised the point in a footnote, providing almost no argument. *Id.* at 11. The Ninth Circuit ultimately affirmed Petitioner's conviction without addressing his aggravated identity theft challenge. *Id.* Petitioner argues that, if his appellate counsel had adequately briefed the issue, the Ninth Circuit likely would have ruled in his favor, vacating his conviction for aggravated identity theft. *Id.*

In opposition, the government argues that appellate counsel sufficiently raised Petitioner's challenge to the aggravated identity theft charges in two ways. Opp'n at 13–14. First, appellate counsel argued that Petitioner deserved a sentencing reduction for acceptance of responsibility, because he only went to trial in order to preserve the identity theft challenge. *Id.* at 13. The government contends that appellate counsel therefore addressed the identity theft issue in its argument challenging the denial of the sentencing reduction. *Id.* at 13–14. Second, the government argues that appellate counsel sufficiently addressed the aggravated identity theft in a footnote, and was not constitutionally required to brief the issue more fully. *Id.* at 14.

To make out a claim for ineffective assistance of appellate counsel, a petitioner must first "demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue." *Moormann v. Ryan*, 628 F.3d 1102, 1105 (9th Cir. 2010). Next, the petitioner must demonstrate that, but for counsel's failure, petitioner "would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Effective appellate counsel need not raise "every nonfrivolous argument on appeal." *Davila v. Davis*, 137 S. Ct. 2058, 2067. "Declining to raise a claim on appeal, therefore, is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." *Id.*

Petitioner has provided no argument that the issue he sought to raise on appeal was "merit-worthy." *Moormann*, 628 F.3d at 1105. Instead, Petitioner makes only a conclusory assertion that there would have been a "reasonable probability" of a different outcome had appellate counsel more forcefully challenged Petitioner's 18 U.S.C. § 1028A conviction. Mot. Mem. at 11–12. At most, Petitioner suggests that his argument

Case 8:18-cv-00117-DOC Document 14 Filed 08/02/19 Page 7 of 8 Page ID #:85

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-0117-DOC        Date: August 2, 2019
SA CR 09-0248-DOC-6        Page 7

had some merit because the trial court said that it was "very well written." *Id.* at 11. However, a well-written argument is not necessarily a meritorious one.

Petitioner sought to challenge his conviction for aggravated identity theft because he used a forged check to commit the identity theft, and a forged check is not an "access device" under 18 U.S.C. § 1028(e)(1). Mot. Mem. at 11 (quoting *United States v. Markosian*, No. 12-50568 (Appellant's Opening Brief, Dkt. 19, at 54 n.2)). However, as the government pointed to at trial, Petitioner was not being charged with illegal use of an "access device." *See* Government's Opposition to Defendant Karen Markosian's Motion to Dismiss Counts 54 and 59 ("Opp'n to Mot. to Dismiss") (CR Dkt. 553). Instead, Petitioner was charged with using a "means of identification" to commit fraud under 18 U.S.C. § 1028A(a)(1). *Id.* Specifically, Petitioner used victims' telephone numbers, dates of birth, social security numbers, account numbers, and signatures to unlawfully assume their identity. *Id.* at 3. Each of these "means of identification" is either expressly enumerated by the statute, or has been held by the Ninth Circuit to fall within the statue's scope. *See* 18 U.S.C. § 1028(d)(7); *United States v. Blixt*, 548 F.3d 882, 886 (9th Cir. 2008) (finding that a signature is a "means of identification" under 18 U.S.C. § 1028A(a)).

Petitioner's argument regarding the meaning of the term "access device" is irrelevant to his conviction. His appellate counsel was therefore not required to raise the issue on appeal; and even if the appellate counsel had raised this issue, it would not have changed the outcome. Accordingly, Petitioner has failed to show that he did not receive the effective assistance of counsel during his appeal. Petitioner's petition for relief alleging ineffective assistance of counsel pursuant to 28 U.S.C. § 2255 is therefore DENIED.

## IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that this standard means a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted). If a habeas petition was denied on procedural grounds, without reaching constitutional claims, the petitioner must also show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 485.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-0117-DOC                                             Date: August 2, 2019
SA CR 09-0248-DOC-6                                                             Page 8

      Upon consideration, the Court has concluded that reasonable jurists could not debate whether the petition should have been resolved in a different manner. A Certificate of Appealability is therefore DENIED.

## V.    DISPOSITION

      For the reasons stated above, Petitioner's Motion is DENIED in full. Issuance of a Certificate of Appealability is also DENIED.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                           Initials of Deputy
Clerk